**STATE OF LOUISIANA**     *     NO. 2019-K-0942

**VERSUS**     *

     **COURT OF APPEAL**

**MICHAEL VANWHALRAVEN**     *

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

     * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 541-108, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Regina Bartholomew-Woods, Judge Tiffany G. Chase,
Judge Dale N. Atkins)


Leon A. Cannizzaro, Jr.
DISTRICT ATTORNEY
Kyle Daly
Assistant District Attorney
Parish of Orleans
619 S. White Street
New Orleans, LA 70119


     COUNSEL FOR STATE OF LOUISIANA/APPELLANT


Tina Peng
Orleans Public Defenders
2601 Tulane Avenue, 7th Floor
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/APPELLEE


     **WRIT GRANTED; JUDGMENT REVERSED**
     **OCTOBER 30, 2019**

This emergency writ application is taken from the district court's ruling, rendered on October 29, 2019, which granted Respondent's, Michael Vanwhalraven ("Defendant"), Motion in Limine Regarding Ultimate Conclusions to Be Decided By Finder of Fact. Relator, the State of Louisiana ("the State"), seeks expedited supervisory review of the district court's ruling due to the trial being in progress. In consideration of the State's writ application, this Court, on October 29, 2019, ordered the district court to file a *per curiam* by Wednesday, October 30, 2019, at 9:00 A.M., which the district court timely filed. For the reasons that follow, the writ application is granted and the district court's judgment is reversed.

Defendant, in this matter, is charged with first degree rape, indecent behavior with a juvenile under the age of thirteen, and sexual battery under the age of thirteen. On October 29, 2019, the morning of jury selection, Defendant filed a Motion in Limine Regarding Ultimate Conclusions to Be Decided By Finder of Fact. Defendant's motion requested the district court to bar the State and its witnesses from the following:

(1) Using the words "rape" or "sexual assault;"

(2) Referring to the child victim as "the victim;" or

(3) Referencing the evidence kit as "rape kit" or "Sexual Assault Collection Kit."

The district court granted Defendant's motion. The State's writ application timely follows.

In its writ application, the State argues the district court's ruling barred the usage of the words "rape," "victim," and "sexual assault." However, the State, subsequently, supplemented its writ application to provide that the district court's ruling only excluded the use of the word "rape," but did not exclude the usage of the other words, "sexual assault" and "victim," complained of in its original application.

The only issue before this Court is whether the word "rape" can be used during the trial. The standard of review for a motion *in limine* is abuse of discretion. *River Rental Realty LLC v. Deep South Leasing, LLC*, 2017-0982, p. 8 (La. App. 4 Cir. 6/20/18), 250 So.3d 372, 377. "A trial court is vested with much discretion in determining whether the probative value of relevant evidence is substantially outweighed by its prejudicial effect." *State v. Greenberry*, 2014-0335, pp.13-14 (La.App. 4 Cir. 11/19/14); 154 So.3d 700, 708, *writ denied*, 2014-2656 (La. 10/9/15); 178 So.3d 1000.Thus, this Court must determine if the district court abused its discretion in granting Defendant's motion *in limine*.

In the instant matter, Defendant is charged with first degree rape, indecent behavior with a juvenile under the age of thirteen, and sexual battery under the age of thirteen. The nature of these offenses is rape. As the State argues, the jury will hear the word "rape," as it is the offense that Defendant is charged. As such, we find, based on the record before us, the district court abused its discretion

prohibiting the State and its witnesses from using the word "rape" during the course of trial when Defendant is charged with first degree rape.

For these reasons, the State's writ application is granted, and the district court's judgment is reversed.

**WRIT GRANTED; JUDGMENT REVERSED**